## Bucks County Motors, Inc., Appeal

*Smith & Mountenay*, for Secretary of Revenue.

*Achey & Power*, for appellant.

SATTERTHWAITE, J., February 25, 1955.—On July 1, 1954, purporting to act under section 823 (*f*) of The Vehicle Code of May 1, 1929, P. L. 905, as amended, 75 PS §431 (*f*), the Secretary of Revenue suspended for a six months' period the certificate of appointment of appellant, Bucks County Motors, Inc., as an official inspection station by reason of an improper inspection and illegal issuance of an inspection sticker by one of its service mechanics in the course of his employment by appellant. The within appeal was taken from such suspension under section 813 (*b*) of the code, as amended, 75 PS §383 (*b*), appellant's place of business being at Cross Keys, Doylestown, this county. The appeal was made a supersedeas.

At the hearing, the violation of the inspection provisions of The Vehicle Code by appellant's employe was stipulated, he having been individually prosecuted by summary proceedings therefor. Appellant, however, took the position that such violation was without its authorization, knowledge or consent, and hence formed no justification for the suspension under the express proviso of section 813 (*b*). The secretary, on the other hand, presented a twofold argument in support of his order: First, that the suspension was under section 823 (*f*) which contained no such proviso and made no provision for appeal so that this court had no jurisdiction to hear the case; and secondly, that even if these proceedings were authorized under section 813 (*b*), appellant had failed to bear the burden of negativing authorization, knowledge or consent and hence was not within the exculpatory language of the proviso thereto. He conceded that he was unable to furnish positive evidence of knowledge or consent, but contended that, to the contrary, the burden rested

on appellant to establish affirmatively the absence thereof.

In order to determine the proper provision of the code applicable to this case, a brief review of the legislative history of the sections in question should be made. Under the original Code of 1929, section 813 was headed: "Official Brake Adjusting Stations", and authorized the designation, instruction and supervision of test, adjustment and repair stations to administer sections 811 and 812 relating to the statutory requirements for braking equipment on motor vehicles, just as section 810 provided for "Official Headlight Adjusting Stations" to administer sections 801-809 thereof relating to lighting equipment. Section 823 was headed "Official Inspection Stations", authorized the secretary on proclamation of the Governor, to direct resident owners of motor vehicles to submit them for such inspection of equipment as he might direct, authorized the designation, instruction and supervision of official inspection stations to carry out such purposes, and made provisions for the administration and enforcement thereof, including subsection (f), which provided for the revocation of the designation of such a station if the proclamation of the Governor or the directions of the secretary not be complied with or the business of the station be poorly or badly conducted. In other words, three different types of inspection stations were provided for.

By the amending Act of June 22, 1931, P. L. 751, however, this statutory scheme was radically revised by the entire elimination of specialized "headlight" and "brake" adjusting stations provided for by original sections 810 and 813 respectively, by a change in the heading of section 813 to read "Official Inspection Stations", and by the establishment in the body of section 813 of a complete procedure for the designation, instruction and supervision of the one general

type of inspection stations as we know them today. Subsection (*b*) thereof provided that the secretary "may" suspend the certificate of appointment of such a station if the code not be complied with or the inspection business be improperly conducted. This same act amended section 823 to eliminate reference to the word "stations" in the heading thereof so that it thereupon read simply "Official Inspections", and subsection (*c*) made specific mention of inspection stations "as provided in this act", apparently a cross reference to the revised language of section 813. Unfortunately, however, in the interest of clarity, subsection (*f*) was still retained, notwithstanding that the same subject matter had been provided by new section 813(*b*).

Section 813(*b*) was further radically amended into its present form by the Act of June 27, 1939, P. L. 1135, which removed the element of discretion in the secretary by making it mandatory that the certificate of appointment of a station be suspended if the code not be complied with or if the inspection business thereof be improperly conducted, but exempting therefrom infractions of the code arising from a violation by an employe if committed without the authorization, knowledge and consent of the employer, the employe himself being subjected to prosecution therefor. For the first time, provision for appeal from a suspension order under this subsection was made, the court of common pleas of the county wherein the station was located to determine therein, after hearing, "whether the petitioner is subject to suspension of his certificate of appointment under the provisions of this act." No corresponding revision of section 823(*f*) was made, the legislature apparently having overlooked this provision since the heading of that section related only to the process of inspection and not to the inspection stations themselves which were comprehensively regulated by section 813.

Under the circumstances, we hold that section 813(*b*) is controlling as the most recent expression of the legislative intent on the subject matter of both that subsection and the practically identical scope of section 823(*f*). Accordingly, this court has jurisdiction.

We deem it unnecessary to pass upon the second question posed by the secretary, that of the burden of proof on the subject of knowledge by appellant, inasmuch as the only evidence thereon in the case was to the effect that no such knowledge or consent was properly attributable to the executive officials thereof. Compare Hamilton, Secretary of Revenue v. Price, 39 D. & C. 299. The State Police investigative officer, the only witness who testified at the hearing, and who was called on behalf of the secretary, testified on cross-examination that he had interviewed both the president and the service manager of appellant and that both had disclaimed knowledge or sanction of the employe's infraction. In addition, the version of the incident constituting the violation by the mechanic-employe who committed it, as related by the officer who had prosecuted the employe and whose report to the secretary had initiated the suspension proceedings in question, strongly supported the officer's personal belief that the employer was an innocent party to the transaction since it clearly occurred as a result of the negligence of the mechanic who, incidentally, was no longer employed by appellant. While technically appellant could have bolstered its case by calling the executive officers thereof to repeat on the stand what they admittedly had already told the officer, we do not believe that such prolongation of the hearing was necessary under the circumstances. Even if the burden of proof be upon appellant on the subject of knowledge, such uncontradicted and unimpeached admissions were sufficient to meet that burden, notwith-

standing that they came from the secretary's witness only.

We, therefore find that the violation was committed by the employe, without the authorization, knowledge or consent of appellant. Hence, such violation was not a proper cause for suspension of appellant's certificate of appointment as an official inspection station under the express language of section 813(*b*), and the order of the secretary must be reversed.

### Order

And now, February 25, 1955, the order of the Secretary of Revenue suspending the certificate of appointment of Bucks County Motors, Inc., as an official inspection station, is hereby reversed, vacated and set aside.